UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**CRYSTIAN CASTILLO**  CASE NO. _____

**VERSUS**

**CASA NNMK, LLC and**
**FAHIM JAMIL**

## COMPLAINT

This is an overtime action brought by Crystian Castillo, a former employee of the Defendants.

### *Defendants*

1.

Made Defendants herein and liable unto Plaintiff are the following:

I.  Casa NNMK, LLC, a Louisiana limited liability company domiciled in the Parish of Livingston, State of Louisiana; and

II. Fahim Jamil, an individual of the full age of majority domiciled, upon information and belief, in the Parish of Livingston, State of Louisiana.

### *Jurisdiction and Venue*

2.

This Court has subject matter jurisdiction over this lawsuit pursuant to 28 U.S.C. § 1331

3.

Plaintiff files this action pursuant to the Fair Labor Standards Act (29 U.S.C. § 201, *et seq.*) ("FLSA").

4.

Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(1) because both defendants reside within this district.

*Plaintiff*

5.

Defendants employed plaintiff for more than 10 years. Plaintiff's employment with defendants ended in late August 2020.

6.

During the time period relevant to this lawsuit, plaintiff was employed as a kitchen manager at Casa Maria Restaurant in Denham Springs, Louisiana.

7.

Defendants hired plaintiff, and controlled and directed the daily activities of plaintiff. Defendants were plaintiff's "employer" as that term is defined by the FLSA.

8.

At all times relevant to this action, defendants have been an enterprise with employees engaged in commerce or in the production of goods for commerce, and/or with employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person. Specifically, plaintiff used kitchen equipment and machinery manufactured outside the state of Louisiana in the ordinary course of his duties.

9.

Plaintiff worked, on average, 60 hours per week, but was not paid overtime as required by the Fair Labor Standards Act.

10.

The defendants know the exact amount of hours plaintiff worked each week. The precise amount of overtime hours and rates of pay for plaintiff will be presented at the trial of this matter.

11.

Plaintiff was the non-exempt employee of the defendants under the FLSA.

12.

Defendant Fahim Jamil is a member of Casa NNMK, LLC and is the general manager of the Casa Maria Restaurant in Denham Springs.  As such, he responsible for the decision not to pay overtime to the plaintiff.  Fahim Jamil is also plaintiff's "employer," as that term is defined by the FLSA. He is personally liable for the violations of the FLSA complained of herein.

13.

Until the last few years, the defendants did not pay overtime to plaintiff, and made no attempt to create wage records that reflected payment of overtime to him.  However, defendants within the last few years began to create pay stubs for plaintiff that purported to reflect the payment of overtime.

14.

These new pay stubs would show a substantially lower rate of pay – $10.90 per hour – than plaintiff's actual $15.00 per hour rate, and would also modify the number of hours worked by plaintiff.  These payroll records purport to show that plaintiff was paid $10.90 for straight time and $16.35 for overtime hours.  Defendants then manipulated the number of hours worked by plaintiff in order to produce a pay slip that falsely reflected payment of overtime to plaintiff, while at the same time approximating the gross pay plaintiff expected to receive at his $15.00 per hour rate.

15.

The defendants knowingly and willfully violated the FLSA as an attempt to extract a higher profit margin for their restaurant. Plaintiff is entitled to recover his unpaid overtime for the three years prior to filing this lawsuit, and is entitled to recover from defendants an equal sum as liquidated damages, together with reasonable attorney fees, legal interest, costs, as well as to such equitable relief as may be appropriate to effectuate the purposes of the FLSA.

**WHEREFORE,** plaintiff prays that there be service and citation upon the defendants, and that after all legal delays and proceedings that there be a judgment rendered in favor of the plaintiff and against the defendants, *in solido*, for accumulated wages at the overtime rate as required by law, and an equal sum as liquidated damages, reasonable attorney's fees, interest on all sums due and owing from the date of judicial demand until paid, and for all costs of this proceeding. Plaintiff also prays for any and all other relief to which he may be entitled at law or in equity.

Respectfully Submitted:

**ESTES DAVIS LAW, LLC**

*/s/ Daniel B. Davis*
Randall E. Estes (La. Bar Roll No. 22359)
Daniel B. Davis (La. Bar Roll No. 30141)
4465 Bluebonnet Blvd, Suite A
Baton Rouge, LA 70809
Telephone:  (225) 336-3394
Facsimile:   (225) 384-5419
Email: dan@estesdavislaw.com
*Attorneys for Plaintiff*